```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
FRANCESCO ROSARIO MARCHESE,

                    Plaintiff,
                                        MEMORANDUM AND ORDER
         -against-                      20-CV-0098(JS)(ARL)

NASSAU COUNTY JAIL; NU HEALTH;
VERA FLUDD, Sheriff of the Nassau
County Jail;

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Francesco Rosario Marchese, pro se
                    19-A-4427
                    Ulster Correctional Facility
                    P.O. Box 800
                    Napanoch, New York 12458

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On January 6, 2020, incarcerated pro se plaintiff Francesco Rosario Marchese ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau County Jail ("the Jail"), NU Health, and Nassau County Sheriff Vera Flood ("Sheriff Flood" and collectively, "Defendants"). (Compl., D.E. 1.) Plaintiff filed an application to proceed in forma pauperis with the Complaint. (See IFP Mot., D.E. 2.)

On January 29, 2020, Plaintiff filed a Notice of Change of Address and a General Power of Attorney form appointing Teresita Logan ("Logan") as power of attorney for Plaintiff. (See Letter,

D.E. 6.) Plaintiff reports that he was transferred from Downstate Correctional Facility to Ulster Correctional Facility and is concerned that since he is "being transferred often and do[es] not want to lose [his] paperwork or miss any deadlines", he requests that the Court send all future communications to Logan at a residential address in Plainview, New York. (See, Letter.) On March 20, 2020, Plaintiff filed an Amended Complaint against the same Defendants. (See Am. Compl., D.E. 8.)

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court GRANTS Plaintiff's request to proceed in forma pauperis. However, for the reasons that follow, the Complaint and Amended Complaint are sua sponte DISMISSED WITH PREJUDICE as against the Jail and WITHOUT PREJUDICE as against NU Health and Sheriff Fludd pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

BACKGROUND[1]

Plaintiff's handwritten Complaint and Amended Complaint are submitted on the Court's Section 1983 complaint form with additional pages of attachments and are largely the same. (See

---

[1] All material allegations in the Complaint are presumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

Compl.; Am. Compl.) Plaintiff generally complains about the conditions of his confinement at the Jail as well as the adequacy of the medical treatment provided to him. Plaintiff complains about the "cleanliness & conditions" at the Jail, claiming that the Jail is "filthy" with "disgusting toilets and walls" with an infestation of rodents and bugs. (Compl. at 6; Am. Compl. at 6.) Plaintiff describes that there is fungus in the showers and black and green mold is visible in cells and showers. In addition, Plaintiff complains about the plumbing and describes that the sinks are clogged and "the toilets back flush[ ] from your neighbors." (Compl. at 6; Am. Compl. at 6-7.)

With regard to medical care, Plaintiff claims that "three members of the medical staff" could not find Plaintiff's vein to start an IV and punctured his right forearm six times causing bruising and nerve damage. (Compl. at 7-8; Am. Compl. at 7-8.) Plaintiff also claims to have had a sinus infection which went untreated. (Compl. at 7-8.) Plaintiff also claims that the "the Medical company NU Health implemented by Nassau County Jail is in clear violation of HIPPA Laws. . . ." (Compl. at 7; Am. Compl. at 7.)

Plaintiff next complains generally about the law library at the Jail. Plaintiff alleges that "[t]he law library is only available for 45 min intervale once per week unless you get a court

3

order . . . ." Plaintiff also alleges that "[t]here is no copy machine in law library, important pages containing crucial information . . . are torn out. Important books for an inmate to be aware of his rights to Criminal Procedure Law are outdated or unavailable." (Compl. at 9; Am. Compl. at 9)

Finally, Plaintiff complains about the corrections staff at the Jail. Plaintiff describes that "[m]ost of the officers are flat out lazy, rude, overpaid, dismissive, and arrogant." (Compl. at 9.) Plaintiff claims that unspecified corrections officers generally threaten to "lock in" inmates and to take away commissary privileges. (Compl. at 10; Am. Compl. at 10.) Plaintiff also complains that the corrections staff slam the doors excessively to wake up inmates and "it is impossible to sleep" because of the loud noise from the slamming doors. (Compl. at 10; Am. Compl. at 10.) According to the Complaint, corrections officers are "too busy chatting, texting, taking naps or relaxing in the 'bubble' or command center." (Compl. at 11; Am. Compl. at 11.) Further, Plaintiff complains that corrections staff assign other inmates to food service jobs and some of these inmates "are extreme drug addicts with poor behavior and communicable incurable blood diseases that are easily transferrable through saliva and blood." (Compl. at 10; Am. Compl. at 10.) As a result of the foregoing, Plaintiff seeks to recover a damages award in the sum of ten

4

million dollars. (Compl. ¶ III, at 12; Am. Compl. ¶ III.) Plaintiff's Amended Complaint also seeks a punitive damages award. (Am. Compl. at 13.)

## DISCUSSION

I.  Power of Attorney

As a threshold matter, the Court addresses Plaintiff's request to forward all communications about this case to Logan as power of attorney. The Second Circuit instructs that "appearance pro se denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity." Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997). "District courts within this Circuit have held that this rule applies even if the person bringing the action on behalf of another person has power of attorney." Rumph on behalf of C.R. v. City of N.Y., 18-CV-8862, 2019 WL 1900335, *1 (S.D.N.Y. Apr. 26, 2019) (citing Whitfield v. Johnson, 18-CV-1232, 2018 WL 1385890, at *2 (E.D.N.Y. Mar. 19, 2018) ("A non-attorney agent with power of attorney may not appear pro se on behalf of the principal."), aff'd, 18-1331, 2019 WL 1178739 (2d Cir. Mar. 13, 2019) (summary order)); Munger v. Cahill, 16-CV-0728, 2017 WL 2123851, at *2 (N.D.N.Y. May 16, 2017) ("A power of attorney does not allow that person to proceed pro se on behalf of their principal."); Valle v. Green Tree Servicing, LLC, 16-CV-0277, 2017

5

WL 1053848, at *5 (D. Conn. Mar. 20, 2017) ("[D]istrict courts in the Second Circuit have routinely held that '[a] power of attorney does not allow that person to proceed pro se on behalf of their principal.'") (collecting cases).

Here, although Logan has power of attorney over Plaintiff's "claims and litigation" (see D.E. 6-1 at 3), Plaintiff has not alleged that Logan is an attorney.  Therefore, Logan cannot proceed pro se on Plaintiff's behalf.  Accordingly, Plaintiff's request to send all communications on this case to Logan is DENIED.  Notwithstanding Plaintiff's concern that he is "being transferred often and do[es] not want to lose [his] paperwork or miss any deadlines" (D.E. 6), the docket sheet reflects that, since filing the Complaint, Plaintiff was transferred from Downstate Correctional Facility to Ulster Correctional Facility and nothing sent to Plaintiff has been returned to the Court as undeliverable.  In addition, although the Amended Complaint alleges that Plaintiff is presently incarcerated at the Downstate Correctional Facility (see Am. Compl. at 2, 12, 17), the mailing envelope reflects that the Amended Complaint was mailed by Plaintiff from the Moriah Shock Incarceration Correctional Facility, P.O. 901, 75 Burhart Lane, Mineville, New York, 12956-0901.  (See Am. Compl. at 19.)  Accordingly, the Clerk of the Court has updated Plaintiff's address to Ulster Correctional Facility and all communications from the

6

Court will be sent to Plaintiff at that address. In addition, in an abundance of caution, the Clerk of the Court shall mail a copy of this Order to Plaintiff at the Moriah Shock Facility and record such mailing on the docket. Plaintiff is reminded that he must file a Notice of Change of Address with the Court any time he is transferred and must apprise the Court, in writing, of his current mailing address.

II. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

III. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b); Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under §§ 1915, 1915A, sua sponte dismissals of frivolous prisoner complaints are

7

not only permitted but mandatory).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

IV. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes

8

> to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. Cnty. of Suffolk, No. 07-CV-2138, 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

  A. Claims against the Jail

    Plaintiff's Section 1983 claims against the Jail are not plausible because it does not have an independent legal identity. It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); Lukes v. Nassau Cty. Jail, 2012 WL 1965663, *2 (E.D.N.Y. May 29, 2012) (dismissing claims against the Nassau County Jail because it is an "administrative arm of Nassau County, without a legal identity separate and apart from the County"); Hawkins v. Nassau Cty. Corr. Facility, 781 F. Supp. 2d 107, 109 at n. 1 (E.D.N.Y. 2011).

Thus, Plaintiff's Section 1983 claims against the Jail are not plausible and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

B. Claims against NU Health

As a threshold matter, although Plaintiff names "NU Health" as a Defendant, the Court construes this entity to be the Nassau Health Care Corporation ("NHCC"). NHCC is a Public Benefit Corporation created by the New York State Legislature and is considered a municipal entity for the purpose of Section 1983. See N.Y. Pub. Auth. Law §§ 3400–3420; Miller v. Nassau Health Care Corp., 18-CV-6500, 2019 WL 2164086, at *4 (E.D.N.Y. May 16, 2019); McClenic v. Cty. of Nassau, 18-CV-02017, 2018 WL 6706315, at *3 (E.D.N.Y. Dec. 20, 2018).

It is well-established that a municipality cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91.

"[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-691 (internal citation omitted).

To establish the existence of a municipal policy or custom, a plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see Connick, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights, see Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359; see also Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. Cty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." Cash, 654 F.3d at 334 (internal quotation marks and citations omitted); see

11

also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (A municipal custom may be found when "'faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions.'") (quoting Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (second alteration in original)).

Here, Plaintiff fails to plead any factual allegations from which the Court may infer that the conduct of which Plaintiff complains of was caused by a policy or custom of the NHCC. See, e.g., Miller, 2019 WL 2164086 (dismissing claims brought against NHCC). Accordingly, because Plaintiff has not alleged a plausible Section 1983 claim against NHCC his claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).[2]

C. Claims against Sheriff Fludd

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d

---

[2] Given Plaintiff's pro se status, the Court has also considered whether he has alleged a plausible Section 1983 claim against the municipality, namely Nassau County. For the same reasons set forth above with regard to NHCC, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 claim against Nassau County.

12

Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676, 129 S. Ct. at 1948. A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, although Plaintiff names Sheriff Fludd as a defendant in the caption of the Complaint, she is not again mentioned in the body of the Complaint. Wholly absent are any factual allegations of conduct or inaction attributable to Sheriff Fludd. Because the Complaint is devoid of any allegations sufficient to establish any personal involvement by Sheriff Fludd in the conduct of which Plaintiff complains, Plaintiff's Section 1983 claims against Sheriff Fludd are not plausible and are thus DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

V. Leave To Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of N.Y., 579 F.3d 176, 183 (2d Cir. 2009) (internal

13

quotation marks and citation omitted). To the extent that Plaintiff seeks to allege that unnamed Defendants failed to provide adequate medical treatment for his spider bite(s), he will be granted an opportunity to submit a second amended complaint to name as proper Defendants those individuals who have some personal involvement in the action he alleges in the second amended complaint. See Iqbal, 556 U.S. at 676 ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution."). If Plaintiff wishes to bring a claim against a Defendant and he does not know the name of the individual, he may identify each of them as John or Jane Doe, and to the best of his ability describe each individual including his or her title and the place of employment. Further, for each Defendant named, Plaintiff should include a brief description of what each Defendant did or failed to do, and how those acts or omissions caused Plaintiff injury.

   Plaintiff's Second Amended Complaint must be labeled as an "Second Amended Complaint," bear the same docket number as this Order, 19-CV-00098, and must be filed within sixty (60) days from the date of this Order. Plaintiff is advised that a Second Amended Complaint completely replaces the previous Complaints. Therefore, Plaintiff must include all allegations he wishes to pursue against any Defendant(s) in the Second Amended Complaint. If Plaintiff does not file a Second Amended Complaint within the time allowed,

14

judgement shall enter without further notice and this case will be marked CLOSED.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however Plaintiff's claims against the Jail are sua sponte DISMISSED WITH PREJUDICE and Plaintiff's claims against NU Health and Sheriff Flood are sua sponte DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A (b)(1).

Plaintiff is GRANTED LEAVE TO FILE A SECOND AMENDED COMPLAINT in accordance with this Order.  The Second Amended Complaint must be labeled as a "Second Amended Complaint," bear the same docket number as this Order, 19-CV-0098, and must be filed within sixty (60) days from the date of this Order.  Plaintiff is advised that a Second Amended Complaint completely replaces the previous Complaints.  Therefore, Plaintiff must include all allegations he wishes to pursue against any Defendant(s) in the Second Amended Complaint.  If Plaintiff does not file a Second Amended Complaint within the time allowed, judgement shall enter without further notice and this case will be marked CLOSED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-

45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff at both the Ulster Correctional Facility and the Moriah Shock Incarceration Correctional Facility and to record such mailing on the docket.

SO ORDERED.

/s/ JOANNA SEYBERT  
JOANNA SEYBERT, U.S.D.J.

Dated:  May   13  , 2020  
        Central Islip, New York